IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelly L. Coley,                    :

          Plaintiff,               :

     v.                            :    Case No. 2:16-cv-258

                                   :    Magistrate Judge Kemp
State of Ohio Department of
Rehabilitation and Correction,     :

          Defendant.               :

OPINION AND ORDER

     Plaintiff, Kelly L. Coley, filed this action pro se,
alleging claims arising under the Family Medical Leave Act
("FMLA") against the Ohio Department of Rehabilitation and
Correction ("ODRC"). This matter is now before the Court on the
defendant's motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(1) and (6).  Plaintiff requested an extension of time to
respond to the motion, and by Order dated July 14, 2016, was
directed to either obtain counsel or file a response to the
motion to dismiss within thirty days.  (Doc. 15).  Mr. Coley has
failed to respond and the Court has now considered the
defendant's motion.  For the following reasons, the motion to
dismiss (Doc. 10) will be granted and this case will be
dismissed.

I.  BACKGROUND

     Mr. Coley's complaint is a one-paragraph handwritten
complaint alleging that he was harassed starting in February of
2014 due to his disability in violation of the FMLA.  As the
defendant points out it its motion, a broad reading of Mr.
Coley's pro se complaint suggests that he also intended to allege
violations of the Americans With Disabilities Act ("ADA").  He
alleges that as an employee of ODRC he was disciplined in
February of 2014 for calling in sick to work, despite providing a

doctor's excuse.  In addition, Mr. Coley claims that he was disciplined in June of 2015 for being absent from work, which purportedly was due to effects of his medication.  Mr. Coley asserts that in August of 2015 the ODRC informed him that he had used up his allowance of leave under the FMLA, and that despite this not being true, he was disciplined by his employer anyway. He contends that he was harassed and retaliated against for filing internal complaints and complaints with the Ohio and Federal Civil Rights Commissions.  Mr. Coley also states in support of his claims that the Ohio Equal Opportunity Commission conducted an investigation, resulting in his being granted disability benefits for his psychiatric condition.  The complaint does not state a specific prayer for relief, but because Mr. Coley does not claim to seek injunctive relief, the Court will assume that he seeks monetary damages.  The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).  (Doc. 12).

## II.  DISCUSSION

Defendant ODRC moves to dismiss Mr. Coley's claims pursuant to Federal Rule of Civil Procedures 12(b)(1) and (6).  Mr. Coley has not responded to the the defendant's motion.  When a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the court may deem the plaintiff to have waived opposition to the motion.  Humphrey v. U.S. Attorney General's Office, 279 Fed. Appx. 328, 331 (6th Cir. 2008); see also Wesley v. Rigney, 913 F.Supp.2d 313, 330 (E.D.Ky. 2012) (dismissing plaintiff's claim when plaintiff waived opposition to defendant's motion to dismiss by failing to respond to arguments raised in the motion).  By failing to respond to or to otherwise contest the defendant's motion to dismiss, and by failing to seek an additional extension of time in which to do so, Coley has waived any objection he might have had to the defendant's motion.

However, when granting a motion will result in the outright
dismissal of an action, courts should exercise caution to ensure
that the moving party has met its burden under the Federal Rules.
See, e.g., Carver v. Bunch, 946 F.2d 451, 453–54 (6th Cir. 1991)
(finding that plaintiff's failure to respond to defendants'
motion to dismiss, "standing alone," did not amount to a failure
to prosecute and accordingly concluded that district court erred
in dismissing plaintiff's complaint based solely on the failure
to respond).  Thus, the Court will consider the motion to dismiss
to establish whether the defendant has met its burden.

ODRC moves for dismissal under Federal Rule of Civil
Procedure 12(b)(1), which provides that an action may be
dismissed for lack of subject matter jurisdiction.  Rule 12(b)(1)
motions to dismiss generally fall under one of two categories:
facial attacks or factual attacks.  Ohio Natl. Life Ins. Co. v.
United States, 922 F.2d 320, 325 (6th Cir. 1990).  A facial
attack tests the sufficiency of the pleading. Id. at 324.  When
reviewing a facial attack, the court must take the material
allegations of the pleading as true and construe them in the
light most favorable to the non-moving party.  United States v.
Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  In contrast, a
factual attack is a challenge to the factual existence of subject
matter jurisdiction.  Ohio Natl., 922 F.2d at 325. If a Rule
12(b)(1) motion makes a factual attack, a court is free to
consider and weigh extrinsic evidence of its own jurisdiction,
without granting the plaintiff's allegations any presumption of
truthfulness, until the court is satisfied of the existence of
its power to hear the case.  Id. Lack of subject matter
jurisdiction is a non-waivable, fatal defect.  Watson v. Cartee,
817 F.3d 299, 302–03 (6th Cir. 2016).

In this case, ODRC asserts that Mr. Coley's complaint is
defective on its face because his claims are barred by sovereign

immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This essentially deprives the federal courts of jurisdiction over a lawsuit brought by an individual against a non-consenting State. Touvell v. Ohio Dept. of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 395 (6th Cir. 2005), citing Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003). "The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State." Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). It is well settled that sovereign immunity applies to "state agents and instrumentalities," like ODRC, in addition to the states themselves. Beil v. Lake Erie Corr. Records Dept., 282 F. App'x. 363, 366 (6th Cir.2008) (citing Regents of Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997). There are three qualified exceptions to Eleventh Amendment immunity. See Lawson v. Shelby Cty., 211 F.3d 331, 334-35 (6th Cir. 2000). First, a state may waive the protection of the Amendment by consenting to the suit. Id. Second, Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute. Id. at 334. Third, a federal court may enjoin a state official from violating federal law. Ex parte Young, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar a suit against a State official for prospective injunctive relief).

A. Family Medical Leave Act Claim

The FMLA provides for, among other things, an employee to

obtain up to twelve weeks' unpaid leave from work in order to care for a spouse, child, or parent who has a serious health condition. 29 U.S.C. §2612(a)(1)(C).  The Supreme Court has held that due to the unmistakably clear language in the statute, Congress intended to abrogate sovereign immunity in relation to the family-care provision of the FMLA. <u>Hibbs</u>, <u>supra</u>.  Mr. Coley's complaint, however, relates to leave that he took due to his own disability, known as the "self-care" provision, which allows an employee to take such leave for "the employee's own serious health condition when the condition interferes with the employee's ability to perform at work."  29 U.S.C. §2612(a)(1)(D).  The Supreme Court has held that the self-care provision, standing alone, is not a valid abrogation of the States' immunity from suit.  <u>Coleman v. Court of Appeals of Maryland</u>, 132 S.Ct. 1327 (2012).  In addition, the State of Ohio has not waived its sovereign immunity from suit in the case of claims brought under the FMLA.  <u>Thompson v. The Ohio State University Hospital</u>, 5 F.Supp.2d 574 (S.D. Ohio 1998); <u>see also</u> <u>Nathan v. The Ohio State University</u>, 984 F.Supp.2d 789 (S.D. Ohio 2013) (holding that defendants were entitled to Eleventh Amendment immunity from self-care FMLA retaliation claim).  Thus, Mr. Coley's FMLA claim is barred by sovereign immunity.

B.  <u>Americans With Disabilities Act Claim</u>

Mr. Coley's claim arises out of his employment with the ODRC, and falls under Title I of the ADA.  Title I provides that a covered employer shall not discriminate against a qualified individual on the basis of a disability in respect of hiring, advancement, discipline, and other terms and conditions of employment.  42 U.S.C. §12112(a).  For the purposes of this analysis, the Court will presume that during his employment with ODRC Mr. Coley was a qualified individual as defined in the ADA. In <u>Board of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356

(2001), the Supreme Court held that the rights and remedies created by the ADA were primarily targeted at private employers, and that permitting suits against state employers under the ADA was not a valid abrogation by Congress of sovereign immunity. Id. at 357-358.  In addition, Ohio has not waived its sovereign immunity with respect to claims under Title I of the ADA.  See Johns v. Supreme Ct. of Ohio, 753 F.2d 524, 527(6th Cir. 1985). Thus, Mr. Coley's ADA claims are also barred by sovereign immunity.  Because the Court has found dismissal appropriate on Rule 12(b)(1) grounds it will not consider defendant's argument for dismissal on Rule 12(b)(6) grounds.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (Doc. 10) is GRANTED and this case is DISMISSED.


/s/ Terence P. Kemp
United States Magistrate Judge